PEOPLE, PLAINTIFF AND APPELLEE, *v.* HERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Assault and Battery.

No. 1320.—Decided December 13, 1918.

ASSAULT AND BATTERY—SELF-DEFENSE.—When it is shown that one person violently struck another, the person inflicting the blow is *prima facie* guilty of assault and battery and the burden is on him to show that he acted in justifiable self-defense.

The facts are stated in the opinion.

*Messrs. Antonio E. Suliveres* and *Juan B. Soto* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

There was proof in this case from which the court below had a right to infer that José A. Hernández not only struck Luis A. Padilla, but also kicked the prosecuting witness when

the latter was on the ground. Padilla gave testimony to this effect and other witnesses gave testimony tending to show a struggle or a clinching between the two men. Witnesses saw the defendant standing in a menacing attitude over Padilla and the latter bore slight wounds as a result of the struggle.

The first ground of error is that the proof does not show nor tend to show who was the aggressor. But there was clear proof to the effect that Hernández had struck Padilla, no matter who was the aggressor. The definition of assault and battery is as follows:

"The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself an immediate intention, coupled with an ability to commit a battery, is an assault." Laws of 1904.

When any person is shown to be striking another violently, *prima facie* the person striking is guilty of an assault and battery, and the burden is on him to show that he was striking in reasonable self-defense. The argument is that Padilla did not actually see who struck him and that no one else saw the blows. But Padilla felt the blows and said he saw Hernández strike him with his foot, and other people saw Hernández standing over the fallen man in a choleric attitude. There were other circumstances against Hernández, but we have recited enough to show not only that Hernández was guilty of assault and battery but that he was actually the aggressor.

The other three errors may be grouped together. Appellant alleges that the whole proof shows that Padilla was the aggressor and that there is no conflict in the proof. The proof of the defendant tended to show that Padilla was the aggressor. As his statement was, as we have seem, to the opposite effect, there was a plain conflict and hence the case falls under the

principle, so frequently announced, that the resolution of such a conflict in the proof belongs to the trial court.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.